Opinion delivered by
Pershing, J.
In the single bill on which the judgment was entered against the defendant, the plaintiff is described as a resident of Milwaukee, in the State of Wisconsin. It is alleged that some time after the date of the entry of the judgment (December 11, 1871), the plaintiff went to Germany, and there died. The defendant up to the month of April last, when he embarked on the steamer Schiller, and was lost, was a resident of Shenandoah, in Schuylkill county. The judgment, which is for a large amount, was satisfied by C. F. Smith, Esq., acting under a letter of attorney, dated at Frankfort-on-the-Main, Germany, December 19th, 1873, and executed by Franz Hohweisner, who describes himself as the brother of Charles Hohweisner, deceased, and the legal administrator of his estate. The consideration mentioned is the “ sum of three hundred and fifty-eight dollars and ninety-three cents, which amount was singly signed by each of the heirs to me in hand paid by Mr. F. J. Kern, Dr., of Shenandoah, Pa.”
Who these heirs are does not appear. The power of attorney was not filed, nor satisfaction entered on the record, till the 23d of March, 1875, a few days before the defendant left this country; nor is the power accompanied by a certified copy of the letters oí
*46 administration. No letters of administration in this country have been issued on the estate of the plaintiff, and that he is dead is doubted by the counsel who appear for him on the record.
But supposing him to have died in Germany, and that the defendant, by some means, has paid the amount of the judgment to his heirs, or his administrators, all of whom are outside of the United States, would it be a discharge ?
Our Act of Assembly, Sec. 6, of 15th March, 1832, provides that “ no letters testamentary or of administration, or otherwise, purporting to authorize any person to intermeddle with the estate of a decedent, which may be granted out of this Commonwealth, shall confer upon *such persons the powers and authorities possessed by an executor or administrator, under letters granted within the State.” “It is exceedingly clear,” says Judge Story, Conflict of Laws, § 514, “that the probate grant of letters testamentary, or of letters of administration in one country give the authority to collect the assets of the testator or intestate only in that country, and do not extend to the collection of assets in foreign countries; for that would be to assume an extra territorial jurisdiction or authority, and to usurp the functions of the foreign local tribunals in those matters.” See also Dent’s Appeal, 10 H. 514; and Sayer’s Exrs. v. Helme’s Exrs., 11 P. F. S. 299. The latter case decides that McCullough v. Young, 1 Binney, 63, which held that letters of administration granted in another State is a sufficient authority to maintain an action in this State “ has long since ceased to be law in this Commonwealth,” and further decides that where the estate of a foreign decedent in Pennsylvania consists of but one debt, administration is to be granted by the Register of the county where the debtor resided.
Acknowledging the general doctrine that an administrator or executor of one State cannot maintain a suit in another State to recover the assets of the decedent’s estate, Chancellor Kent held in Doolittle v. Lewis, 7 Johns. Ch. R. 49, that a voluntary payment by a debtor to a foreign executor or administrator is valid, and a discharge or acquittance by such executor or administrator is sufficient; or, as expressed in the second volume of his Commentaries (page *432, n. c.)—“ a foreign administrator may receive payment anywhere, and give acquittance.” This doctrine is doubted by Judge Story so as to apply to a debt due by a debtor who at the *47 death of the creditor is actually domiciled in, and owes the debt in the foreign country, where no administration is taken out. lie makes the pertinent inquiry : “ Suppose an administration should afterwards be granted in a foreign country, would it be any bar to an action brought by the foreign administrator, against the debtor for the same debt, that the debtor had already paid it to another administrator, who had no right to demand it by virtue of his original administration, and who, therefore, might properly be deemed a stranger to the debt?” Story’s Conflict of Laws, 705. The case supposed by the commentator fits in every particular the case now before us for our decision.
There is another ground which we think sufficient of itself to control the decision on this application. In Alfonso’s Exr’s Appeal, 20 Smith, 347, it was held that the purpose of our statutes relative to the estates of non-resident decedents, was to prevent them from being withdrawn from our jurisdiction to the prejudice of those interested in the distribution ; that there is no distinction here between the powers of a foreign executor and administrator; and that executors of a decedent, whose domicile was in Cuba, had no power under letters testamentary in *Cuba to transfer stock in Pennsylvania. Presumably to meet this decision the Act of April 8th, 1872, P. L. 44, was passed. It enables any executor or administrator, whose authority is derived under the laws of any other State or Territory, of the United States, or of any kingdom, State, sovereignty or country, to transfer shares oí stock or registered loans, or either, whenever a duly authenticated copy of the will, or other grant of authority under which such transfer is proposed to be made, shall have been filed in the office of the Register of Wills for the proper county.
Now, in the case before us, we have a resident of a foreign country, who claims to be the administrator of the plaintiff, undertaking through an agent to satisfy a judgment on the records of Schuylkill county, entered against a resident of this county, and this without furnishing any evidence of his authority to the act as the representative of the plaintiff’s estate. If before he could transfer a share of stock in an incorporated company, he would have to file a duly authenticated copy of his letters of administration, it is equally necessary to do this before he can stretch his hand across the ocean, and by his interference with the records of this court, attempts to *48 withdraw assets from our jurisdiction, which may be needed in the hands of a future administrator here for distribution among those who were the creditors of Charles Hohweisner in his lifetime. Buie made absolute.